EST. 2025 · WASHINGTON, D.C.

# LEE & GODSHALL-BENNETT · LLP

712 H ST. NE, UNIT 5019
WASHINGTON, D.C. 20002

June 8, 2026

**<u>VIA ECF</u>**
Honorable Lorna G. Schofield
United States District Judge
United States Courthouse
40 Foley Square
New York, New York 10007

      Re:    *Nerdeen Mohsen aka Nerdeen Kiswani v. Betar Zionist Organization, Inc., et al.*
           No. 26-cv-1585-LGS

Dear Judge Schofield:

Counsel for Plaintiff Nerdeen Kiswani reply to Defendants Betar Zionist Organization, Inc. ("Betar"), Ronn Torossian, and Jon I. Mantell's letter motion for a stay of discovery under Federal Rule of Civil Procedure 26(b) based on their proposed motion to dismiss the Complaint under Rule 12(b)(6). Defendants' motion should be denied for the following reasons:

**Defendants' Proposed Motion to Dismiss Is Unlikely to Succeed**

Defendants' proposed motion to dismiss relies on a false premise. It relies primarily on the intracorporate conspiracy doctrine which does not apply here.

The proposed motion ignores two exceptions to the intracorporate conspiracy doctrine. That doctrine does not apply if (a) the corporation is organized for a discriminatory purpose or (b) the discriminatory acts are taken in pursuit of personal ends not connected to the corporate entity. Either Defendants' discriminatory actions were taken in pursuit of Betar's mission or they were taken in pursuit of personal interests, distinct from the activities of the corporate entity. Either way, the intracorporate conspiracy doctrine cannot warrant dismissal.

Plaintiff has pled sufficient facts at this stage to establish that Betar was established for a discriminatory purpose. As a result, the doctrine does not apply to Plaintiff's claims because the doctrine does not protect conspiracies by an organization that "itself was established for the purpose of engaging in the discriminatory acts to be remedied by § 1985." *Zhang Jingrong v. Chinese Anti-Cult World Alliance*, 287 F. Supp. 3d 290, 304 (E.D.N.Y. 2018) (citing *People by Abrams v. 11 Cornwell Co.*, 695 F.2d 34, 41 (2d Cir. 1982) ("[I]t would be anomalous in any case to permit an entity which was established for the very purpose of engaging in a discriminatory act to be insulated, and to insulate its members, from liability as conspirators, by virtue of its establishment.")). This flows from the very nature and purpose of the Anti-KKK Enforcement Act

of 1871, which, as its name indicates, must provide a remedy against conspiracies engaged in by the Ku Klux Klan.

Whether or not Betar's purpose is discriminatory, then Defendants' actions were necessarily in pursuit of "'personal interests wholly separate and apart from the entity'" and the doctrine is therefore inapplicable. *Id.* (quoting *Guichard v. Town of Brookhaven*, 26 F. Supp. 3d 219, 228 (E.D.N.Y. 2014)). Because Betar either has a discriminatory purpose or a non-discriminatory purpose, one of the two exceptions applies.

Apart from the two exceptions, dismissal would still be inappropriate because Plaintiff has sufficiently alleged that Betar conspired with individuals with "no formal affiliation with the organization and thus, cannot be said to be part of the corporate entity." *Id.* at 303. Defendants argue that Plaintiff "identifies Coconspirators A-D and Joseph Borgen in conclusory fashion," ECF No. 22 at 2, but that is not the case. While the identity of each coconspirator is currently unknown, the Complaint identifies them with specificity by reference to their actions recorded in videos or social media posts shared by Betar itself. *See* Compl., ECF No. 4 ¶¶ 57, 70-73.

Defendants' suggestion that Plaintiffs' description of the coconspirators as "affiliated with Betar" renders them "Betar's agents" and therefore covered by the intracorporate conspiracy doctrine is incorrect. Fairly read, the Complaint alleges that these individuals associate themselves with Betar, not that they are its employees. Betar's broad appeals to the general public encouraging violence and harassment against Plaintiff undermines the argument that the conspiracy is limited to Betar's formal agents. S*ee e.g.*, *id.* ¶¶ 54-55 (appealing generally to "Bear Jews in NYC" and offering "cash reward for *anyone* who hands a beeper to" Plaintiff) (emphasis added). If members of the public who conspire with a corporation are rendered agents of that corporation by virtue of their conspiratorial actions, the intracorporate conspiracy doctrine would immunize corporations from conspiracy liability altogether—it does not. And at a bare minimum, Betar has acknowledged that Defendant Ross Glick is no longer its agent,[1] and yet his involvement in the conspiracy continued beyond the date that Betar removed him from staff. Accordingly, the doctrine does not apply to Plaintiffs' allegation that Betar conspired with non-employees to violate her civil rights and dismissal is inappropriate.

Thus, there is no application of the intracorporate conspiracy doctrine that results in the dismissal of Plaintiff's claims. One of the two exceptions must apply: either the individual Defendants' discriminatory acts were in pursuit of Betar's mission in which case the first exception applies; or they were individual pursuits not in keeping with the organization's purpose, in which case the second exception applies. In any case, the doctrine does not apply at all to a conspiracy between Betar and non-employee coconspirators. Defendants are therefore unlikely to succeed in their motion to dismiss on these grounds.

---

[1] *See id*. ¶¶ 14, 32 (noting that Defendant Glick "was" Betar's Executive Director and referring to him as "then-Executive Director"). It is not exactly clear when Betar dismissed him as Executive Director.

**The Other Stay Factors Weigh in Favor of Denying Defendants' Motion**

Defendants have not met their burden to stay discovery. In assessing a motion to stay discovery, in addition to considering the movants' likelihood of securing dismissal, courts consider the breadth and burden of discovery and the risk of prejudice to the non-moving party. *United States v. Veeraswamy*, 347 F.R.D. 591, 605 (E.D.N.Y. 2024). Neither weighs in Defendants' favor. These factors are not exhaustive and, ultimately, courts consider the totality of the circumstances in adjudicating such motions. *Id.* Defendants bear the burden of establishing that a stay is appropriate. *Id.* This they have not done.

Not only do they fail to establish any likelihood of speedy dismissal, but they also do not even address the other two factors. At this early stage, the discovery process has not begun. Initial disclosures, which are not burdensome, have yet to be made. Moreover, while Plaintiff has provided a great deal of evidence from publicly available sources, Defendants control evidence such as the identities of the coconspirators and currently unnamed defendants. Plaintiff would be unfairly prejudiced by a stay that prevents her from obtaining such basic information. Defendants' own invocation of the intracorporate conspiracy doctrine depends in part on the nature of the unnamed coconspirators' relationship with Betar. Defendants do not explain their connection and rely on Plaintiffs' word choice to suggest an agency relationship.

This analysis also bears on Defendants' argument that the Complaint does not sufficiently allege claims against Defendant Mantell. As an initial matter, Plaintiff alleges that Defendant Mantell was Betar's leader during at least part of the events giving rise to her claims, supporting the inference that he was either directly involved in the conspiracy (and therefore liable under § 1985(3)) or aware of it (and therefore liable under § 1986). At this early stage, Plaintiff need not do more. Defendants' initial disclosures are required precisely because they will shed light on the specific involvement of the named Defendants in the events giving rise to Plaintiffs' claims.

The Court should deny Defendants' motion because Defendants have not met their burden of establishing entitlement to a stay of discovery. They fail to address two of the three main factors and have not established that dismissal is likely.

Respectfully,

*/s/ Christopher Godshall-Bennett*
Christopher Godshall-Bennett
Eric Lee
LEE & GODSHALL-BENNETT LLP

Daniel Kornstein
Johnathan Abady
EMERY CELLI BRINCKERHOFF ABADY
WARD & MAAZEL LLP

cc:    all counsel of record (via ECF)