June 17, 2026

**VIA ECF**
Honorable Lorna G. Schofield
United States District Judge
United States Courthouse
40 Foley Square
New York, New York 10007

> Re:    Status Letter and Proposed Civil Case Management Plan and Scheduling Order
> *Nerdeen Mohsen aka Nerdeen Kiswani v. Betar Zionist Organization, Inc., et al.*
> No. 26-cv-1585-LGS

Dear Judge Schofield:

Pursuant to the Court's order, the Parties respectfully submit this joint letter and the accompanying Proposed Civil Case Management Plan and Scheduling Order.

## I.    Nature of the Case, Principal Claims and Defenses, and Major Issues

Plaintiff Nerdeen Mohsen (also known as Nerdeen Kiswani) brings two claims against Defendant Betar Zionist Organization, Inc.; Defendants Ronn Torossian, Ross Glick, Yoni Kletzel, and Jon I. Mantell; and John Doe Betar Board Members 1–10: (i) Count I, conspiracy to interfere with civil rights under 42 U.S.C. § 1985(3), against all Defendants; and (ii) Count II, neglect to prevent a § 1985 conspiracy under 42 U.S.C. § 1986, against the individual Defendants. Plaintiff alleges that Defendants and a set of coconspirators (identified in the Complaint as Coconspirators A–D and Joseph Borgen) engaged in a coordinated campaign of threats, intimidation, and physical confrontation aimed at depriving her of rights protected by the Thirteenth Amendment and of her ability to access public accommodations and engage in intrastate travel within New York, and that the campaign is motivated by animus on the basis of her Palestinian nationality, Arab ethnicity, and Muslim faith.

Defendants Betar, Torossian and Mantell (the only defendants to have been served) deny the material allegations of the Complaint and anticipate raising defenses including, without limitation: (i) that the claims are barred by the intracorporate conspiracy doctrine; (ii) that the conduct engaged in did not violate the statutes; (iii) that the conspiracy claims cannot be proven; and (iv) the anti-SLAPP Law applies and bars recovery.

The Parties presently identify the following as the major legal and factual issues most important to resolving the case: (a) whether the Complaint states a claim under § 1985(3) against private actors based on the predicate rights identified (the Thirteenth Amendment right to be free from racially motivated violations and the rights to use public accommodations and to intrastate travel); (b) the existence, scope, and membership of the alleged conspiracy, including the role of each individual Defendant and of the John Doe Board Members; (c) the sufficiency of allegations of class-based, invidiously discriminatory animus under *Griffin v. Breckenridge*, 403 U.S. 88

1

(1971); (d) whether the intracorporate conspiracy doctrine bars the claims; (e) whether the claims fail in light of the anti-SLAPP Law; and (f) the existence and computation of Plaintiff's damages.

## II.    Subject Matter Jurisdiction and Venue

**Plaintiff's Position.** This Court has subject-matter jurisdiction under 28 U.S. § 1331 because the action arises under federal law, specifically 42 U.S.C. §§ 1985(3) and 1986. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (b)(2): Defendant Betar Zionist Organization, Inc. is incorporated in New York and represents that it maintains an office in Manhattan; Plaintiff and the individual Defendants reside in New York; and a substantial part of the events and omissions giving rise to the claims in occurred in this District.

**Defendants' Position.**  Defendant Torrasion does not reside in New York.

## III.    Motions Anticipated, Pending, or to Be Made at the Conference

Defendants have filed a Motion to Stay Discovery which remains pending and anticipate filing one or motions to dismiss under Fed. R. Civ. P. 12(b)(6), directed to one or both Counts of the Complaint, on grounds that may include: (i) failure to allege an actionable conspiracy due to application of the intracorporate conspiracy doctrine; and (ii) failure to allege actionable conduct by defendant Mantell.

Plaintiff anticipates opposing any such motion and contends that the Complaint adequately pleads the elements of §§ 1985(3) and 1986 against each Defendant, including based on documented public conduct and the January 13, 2026 New York Attorney General Assurance of Discontinuance.

Plaintiffs may also seek limited expedited discovery to identify John Doe Board Members 1-10 so that they may be properly named and served within the joinder period. Defendants would oppose this application.

## IV.    Discovery

No discovery has been taken. Plaintiffs anticipate that discovery likely to be admissible under the Federal Rules of Evidence and material to proof of the claims and defenses will include, without limitation: (1) Defendants' social-media accounts and posts (including, without limitation, X/Twitter, Instagram, Telegram, and WhatsApp), and associated metadata and account-control information; (ii) internal Betar Zionist Organization, Inc. communications, including communications among the individual Defendants and the Board; (iii) corporate documents, including board minutes, governance materials, and 501(c)(3) filings; (iv) financial records bearing on the alleged "bounty" offers and any disbursements made in connection with the conduct alleged; (v) communications with non-parties, including the persons identified in the Complaint as Coconspirators A-D and Joseph Borgen; (vi) records concerning Plaintiff's asserted emotion, economic, and other injuries, subject to an appropriate protective order; and (vii) materials reflecting Defendants' communications with third parties referenced in the Complaint, including federal officials and law enforcement. Defendants will seek discovery concerning Plaintiff's

activities that entail public protests and other such actions. The Parties anticipate the need to negotiate about e-discovery including ESI protocol.

## V.    Computation of Damages

Plaintiff seeks compensatory damages, punitive damages, and reasonable attorneys' fees and costs under 42 U.S.C. § 1988.

Plaintiff's preliminary computation, subject to revision following discovery and expert disclosures, is as follows:

- Compensatory damages for emotional distress, mental anguish, fear, and related non-economic harms, in an amount to be determined by the trier of fact;
- Compensatory damages for out-of-pocket and economic losses (including security-related expenditures, costs incurred to alter daily travel and public activities, and any associated lost income), in an amount to be specified following further document and witness discovery;
- Punitive damages in an amount sufficient to punish and deter, to be determined by the trier of fact; and
- Reasonable attorneys' fees and costs under 42 U.S.C § 1988, in an amount to be established at the conclusion of the case.

## VI.    Settlement Status

No settlement discussions have occurred to date. At this time the Parties do not request a referral for a settlement conference, but they will revisit the question at the conferences contemplated by the Court's rules and the Proposed Civil Case Management Plan.

## VII.    Other Information That May Assist the Court

The Parties respectfully note the following matters that may assist the Court at the Initial Pretrial Conference:

- Anticipated negotiation of a stipulated protective order and an ESI protocol, given the volume of anticipated social-media and personal-communications discovery and the sensitive nature of certain records;
- The presence of John Doe Defendants and the Parties' intent to address an orderly process for identification and service;
- The presence of non-party coconspirators identified in the Complaint and the likely need for third-party subpoenas under Fed. R. Civ. P. 45; and
- The existence of a publicly available January 13, 2026 New York Attorney General Assurance of Discontinuance, the relevance and use of which the Parties anticipate addressing as the case develops.

The Parties thank the Court for its attention to this matter and stand ready to address any questions at the Initial Pretrial Conference.

Respectfully submitted,

*/s/ Christopher Godshall-Bennett*
Christopher Godshall-Bennett
Eric Lee
LEE & GODSHALL-BENNETT LLP

Daniel Kornstein
Johnathan Abady
EMERY CELLI BRINCKERHOFF ABADY
WARD & MAAZEL LLP

*/s/ Peter T. Shapiro*
Peter T. Shapiro
LEWIS BRISBOIS BISGAARD & SMITH
LLP