UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
NERDEEN MOHSEN (a.k.a. NERDEEN
KISWANI)

Case No. 26-cv-01585-LGS

Plaintiff,

- against -

**ANSWER TO COMPLAINT
WITH COUNTERCLAIM**

BETAR ZIONIST ORGANIZATION, INC.
RONN TOROSSIAN; ROSS GLICK; YONI
KLETZEL; JON I. MANTELL; and
JOHN DOE BETAR BOARD MEMBERS 1-10,

Defendants.
-------------------------------------------------------------X

Defendants Betar Zionist Organization, Inc., Ronn Torossian, and Jon I. Mantell, by their

attorneys, Lewis Brisbois Bisgaard & Smith LLP, as and for their Answer to the Complaint herein,

state as follows:

1.      Deny the allegations contained in paragraph 1.

2.      Deny the allegations contained in paragraph 2.

3.      Deny the allegations contained in paragraph 3.

4.      Deny the allegations contained in paragraph 4 and refer all questions of law to the

Court.

5.      Deny the allegations contained in paragraph 5 and refer all questions of law to the

Court.

6.      Deny the allegations contained in paragraph 6.

7.      Deny the allegations contained in paragraph 7.

8.      Admit that paragraph 8 identifies the statutes under which Plaintiff asserts her

claims.

1

9.    Deny the allegations contained in paragraph 9, except admit that Plaintiff invokes the Court's jurisdiction.

10.    Deny the allegations contained in paragraph 10, except admit that Plaintiff invokes the Court's venue.

11.    Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 11.

12.    Deny the allegations contained in paragraph 12 and refer to the referenced form for the contents thereof.

13.    Admit the allegations contained in paragraph 13.

14.    Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 14 as to former defendant Glick's residence, but admit that he was at one time affiliated with Betar Zionist Organization, Inc.

15.    Deny the allegations contained in paragraph 15.

16.    Deny the allegations contained in paragraph 16.

17.    Deny the allegations contained in paragraph 17.

18.    Deny the allegations contained in paragraph 18, and refer to the referenced sources for the contents thereof.

19.    Deny the allegations contained in paragraph 19 and refer to the referenced sources for the contents thereof.

20.    Deny the allegations contained in paragraph 20 and refer to the referenced sources for the contents thereof.

21.    Deny the allegations contained in paragraph 21 and refer to the referenced sources for the contents thereof.

22.    Deny the allegations contained in paragraph 22 and refer to the referenced sources for the contents thereof.

23.    Deny the allegations contained in paragraph 23 and refer to the referenced sources for the contents thereof.

24.    Deny the allegations contained in paragraph 24 and refer to the referenced sources for the contents thereof.

25.    Deny the allegations contained in paragraph 25 and refer to the referenced sources for the contents thereof.

26.    Deny the allegations contained in paragraph 26 and refer to the referenced sources for the contents thereof.

27.    Deny the allegations contained in paragraph 27 and refer to the referenced sources for the contents thereof.

28.    Deny the allegations contained in paragraph 28 and refer to the referenced sources for the contents thereof.

29.    Deny the allegations contained in paragraph 29 and refer to the referenced sources for the contents thereof.

30.    Deny the allegations contained in paragraph 30 and refer to the referenced sources for the contents thereof.

31.    Deny the allegations contained in paragraph 31 and refer to the referenced sources for the contents thereof.

32.    Deny the allegations contained in paragraph 32 and refer to the referenced sources for the contents thereof.

33. Deny the allegations contained in paragraph 33 and refer to the referenced sources for the contents thereof.

34. Deny the allegations contained in paragraph 34 and refer to the referenced sources for the contents thereof.

35. Deny the allegations contained in paragraph 35 and refer to the referenced sources for the contents thereof.

36. Deny the allegations contained in paragraph 36 and refer to the referenced sources for the contents thereof.

37. Deny the allegations contained in paragraph 37 and refer to the referenced sources for the contents thereof.

38. Deny the allegations contained in paragraph 38 and refer to the referenced sources for the contents thereof.

39. Deny the allegations contained in paragraph 39 and refer to the referenced sources for the contents thereof.

40. Deny the allegations contained in paragraph 40 and refer to the referenced sources for the contents thereof.

41. Deny the allegations contained in paragraph 41 and refer to the referenced sources for the contents thereof.

42. Deny the allegations contained in paragraph 42 and refer to the referenced sources for the contents thereof.

43. Deny the allegations contained in paragraph 43 and refer to the referenced sources for the contents thereof.

44. Deny the allegations contained in paragraph 44 and refer to the referenced sources for the contents thereof.

45. Deny the allegations contained in paragraph 45.

46. Deny the allegations contained in paragraph 46 and refer to the referenced sources for the contents thereof.

47. Deny the allegations contained in paragraph 47 and refer to the referenced sources for the contents thereof.

48. Deny the allegations contained in paragraph 48 and refer to the referenced sources for the contents thereof.

49. Deny the allegations contained in paragraph 49 and refer to the referenced sources for the contents thereof.

50. Deny the allegations contained in paragraph 50 and refer to the referenced sources for the contents thereof.

51. Deny the allegations contained in paragraph 51 and refer to the referenced sources for the contents thereof.

52. Deny the allegations contained in paragraph 52 and refer to the referenced sources for the contents thereof.

53. Deny the allegations contained in paragraph 53 and refer to the referenced sources for the contents thereof.

54. Deny the allegations contained in paragraph 54 and refer to the referenced sources for the contents thereof.

55. Deny the allegations contained in paragraph 55 and refer to the referenced sources for the contents thereof.

56.    Deny the allegations contained in paragraph 56 and refer to the referenced sources for the contents thereof.

57.    Deny the allegations contained in paragraph 57  and refer to the referenced sources for the contents thereof.

58.    Deny the allegations contained in paragraph 58 and refer to the referenced sources for the contents thereof.

59.    Deny the allegations contained in paragraph 59 and refer to the referenced sources for the contents thereof.

60.    Deny the allegations contained in paragraph 60 and refer to the referenced sources for the contents thereof.

61.    Deny the allegations contained in paragraph 61 and refer to the referenced sources for the contents thereof.

62.    Deny the allegations contained in paragraph 62 and refer to the referenced sources for the contents thereof.

63.    Deny the allegations contained in paragraph 63 and refer to the referenced sources for the contents thereof.

64.    Deny the allegations contained in paragraph 64 and refer to the referenced sources for the contents thereof.

65.    Deny the allegations contained in paragraph 65 and refer to the referenced sources for the contents thereof.

66.    Deny the allegations contained in paragraph 66 and refer to the referenced sources for the contents thereof.

67.    Deny the allegations contained in paragraph 67 and refer to the referenced sources for the contents thereof.

68.    Deny the allegations contained in paragraph 68 and refer to the referenced sources for the contents thereof.

69.    Deny the allegations contained in paragraph 69.

70.    Deny the allegations contained in paragraph 70 and refer to the referenced sources for the contents thereof.

71.    Deny the allegations contained in paragraph 71 and refer to the referenced sources for the contents thereof.

72.    Deny the allegations contained in paragraph 72.

73.    Deny the allegations contained in paragraph 73 and refer to the referenced sources for the contents thereof.

## CAUSE OF ACTION

### Count I: Conpiracy to Interfere with Civil Rights
### *42 U.S.C. § 1985(3)*
### (Against All Defendants)

74.    Repeat and incorporate by reference all of the allegations contained in paragraphs 1 through 73.

75.    Deny the allegations contained in paragraph 75.

76.    Deny the allegations contained in paragraph 76 and refer all questions of law to the Court.

77.    Deny the allegations contained in paragraph 77 and refer all questions of law to the Court.

78.    Deny the allegations contained in paragraph 78.

79.     Deny the allegations contained in paragraph 79.

80.     Deny the allegations contained in paragraph 80 and refer all questions of law to the Court.

81.     Deny the allegations contained in paragraph 81.

82.     Deny the allegations contained in paragraph 82.

83.     Deny the allegations contained in paragraph 83.

84.     Deny the allegations contained in paragraph 84.

85.     Deny the allegations contained in paragraph 85.

86.     Deny the allegations contained in paragraph 86.

87.     Deny the allegations contained in paragraph 87.

88.     Deny the allegations contained in paragraph 88.

89.     Deny the allegations contained in paragraph 89.

90.     Deny the allegations contained in paragraph 90.

91.     Deny the allegations contained in paragraph 91.

92.     Deny the allegations contained in paragraph 92.

93.     Deny the allegations contained in paragraph 93.

## Count II: Failure to Prevent Conspiracy to interfere with Civil Rights
### *43 U.S.C. §1986*

94.     Repeat and incorporate by reference all of the allegations contained in paragraphs 1 through 93.

95.     Deny the allegations contained in paragraph 95 and refer all questions of law to the Court.

96.     Deny the allegations contained in paragraph 96 and refer all questions of law to the Court.

97.　　Deny the allegations contained in paragraph 97.

98.　　Deny the allegations contained in paragraph 98.

99.　　Deny the allegations contained in paragraph 99.

100.　　Deny the allegations contained in paragraph 100.

101.　　Deny the allegations contained in paragraph 101.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state any claims upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her alleged damages.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff has suffered no damages attributable to actionable conduct by Defendants.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of waiver or release of claims.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands and or equitable estoppel and/or *in pari delicto*.

## SIXTH AFFIRMATIVE DEFENSE

The intracorporate conspiracy doctrine bars Plaintiff's claims.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of ratification, confirmation, and acquiescence.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants acted reasonably and in proper and lawful exercise of discretion and business judgment and without intent to violate Plaintiff's rights, and Defendants' actions were not discriminatory or otherwise actionable.

## NINTH AFFIRMATIVE DEFENSE

Defendants did not encourage, condone, approve, or participate in any allegedly discriminatory, or otherwise actionable conduct.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants acted reasonably and in good faith.

## ELEVENTH AFFIRMATIVE DEFENSE

The First Amendment to the United States Constitution precludes recovery by Plaintiff herein based on Defendants' exercise of their rights protected thereunder.

## TWELFTH AFFIRMATIVE DEFENSE

Defendants' conduct with regard to Plaintiff was privileged, justified, and in good faith.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendants did not have actual or constructive knowledge of and did not participate or acquiesce in or endorse certain allegedly wrongful acts alleged by Plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff is estopped by her own conduct from asserting any and all claims she may have had against Defendants arising from the occurrences set forth in the Complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or part by the applicable statutes of limitations.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendants' actions, if any, were not intentional, willful, malicious, wanton, or carried out with reckless disregard to Plaintiff.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover punitive damages because Defendants did not engage in any wrongful conduct with malice, recklessness, willful or wanton negligence, indifference to Plaintiff's rights or conscious disregard of the rights of others or conduct so reckless as to amount to such disregard.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Awarding punitive damages against Defendants would violate the United States and New York Constitutions.

### NINETEENTH AFFIRMATIVE DEFENSE

Defendants' acts were undertaken in good faith without reckless disregard for Plaintiff's rights, in compliance with and reliance on applicable laws, rules, regulations, rulings, approvals, interpretations, and orders, with reasonable grounds for believing that their actions were in compliance with the law.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because she cannot prove a causal link between Defendants' conduct, if any, and any harm, injury, or damages alleged in the Complaint.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's alleged damages are *de minimis*.

11

**RESERVATION OF RIGHTS**

In addition to the foregoing defenses, Defendants reserve the right to amend the Answer to raise any and all other additional affirmative and other defenses that may become evident during discovery and during any other proceeding in this action or pursue any available counterclaims against Plaintiff as those claims become known during this litigation.

**COUNTERCLAIM**

1.      Defendants seek relief under New York Civil Rights Law § 70-a(i) including costs and attorney's fees, because Plaintiff's claims were commenced and are being prosecuted without a substantial basis in fact and law and cannot be supported by a substantial modification or reversal of existing law, and are based on Defendants' exercise of their right to public participation to oppose Plaintiff's outspoken activism in support of certain causes which Defendants reasonably concluded constitute support for terrorism and for the enemies of the United States.

2.      Plaintiff commenced this action to harass, intimidate, punish and maliciously inhibit Defendants' speech, petition and association rights.

3.      Defendants seek compensatory damages, including for injury to their reputation and the attorneys' fees and costs incurred to defend this action, as well as punitive damages, in an amount to be determined.

**WHEREFORE**, Defendants demand that judgment be entered as follows:

1.      Dismissing the Complaint in its entirety with prejudice;

2.      Entering judgment in Defendants' favor on their Counterclaim;

2.      Awarding Defendants costs and expenses, including reasonable attorneys' fees; and

3.      Granting such other and further relief as is just and proper.

Dated:   July 7, 2026

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

By:     */s/ Peter T. Shapiro*
        Peter T. Shapiro, Esq.
        *Attorneys for Defendants*
        140 Broadway, Suite 3100
        New York, New York 10005
        (212) 232-1300
        Peter.Shapiro@lewisbrisbois.com


To:     Eric Lee, Esq.
        Christopher Godshall-Benett, Esq.
        LEE & GODSHALL-BENNETT LLP
        712 H St. NE, Unit 5019
        Washington, DC 20002
        (248) 602-0936
        Eric@leegodshallbeennett.com
        Chris@leegodshallbennett.com

        Daniel Kornstein, Esq.
        Jonathan S. Abady, Esq.
        EMERY CELLI BRINCKERHOFF
        ABADY WARD & MAAZEL LLP
        1 Rockefeller Plaza, 8th Floor
        New York, NY 10020
        (212) 763-5000
        dkornstein@ecbawm.com
        jabady@ecbawm.com

        *Attorneys for Plaintiff*

13

## CERTIFICATE OF SERVICE

Peter T. Shapiro, an attorney duly Admitted to practice before this Court, certifies that on July 7, 2026, he caused to be filed via ECF Defendants' Answer to the Complaint with Counterclaims.


/s/ Peter T. Shapiro
Peter T. Shapiro