EST. 2025 · WASHINGTON, D.C.

# LEE & GODSHALL-BENNETT · LLP

712 H ST. NE, UNIT 5019
WASHINGTON, D.C. 20002

July 14, 2026

**<u>VIA ECF</u>**
Honorable Lorna G. Schofield
United States District Judge
United States Courthouse
40 Foley Square
New York, New York 10007

> Re:   *Nerdeen Mohsen aka Nerdeen Kiswana v. Betar Zionist Organization Inc., et al.*
> No. 26-cv-1585-LGS

Dear Judge Schofield:

Pursuant to Individual Rule III.C.2, counsel for Plaintiff Nerdeen Kiswani write regarding her proposed Fed. Rule Civ. P. 12(b)(6) motion to dismiss the counterclaim raised by Defendants Betar Zionist Organization, Inc., Ronn Torossian, and Jon I. Mantell in their Answer to the Complaint, ECF No. 35, at 12. The grounds for the proposed 12(b)(6) motion are as follows:

**N.Y. Civil Rights Law § 70-a Does Not Apply to Federal Claims Brought in Federal Court**

Defendants' counterclaim is brought under New York Civil Rights Law § 70-a (the "anti-SLAPP statute"). However, § 70-a does not apply to federal causes of action brought in federal court, as this and several other courts have consistently held. *Ginx, Inc. v. Soho Alliance*, 720 F. Supp. 2d 342, 366 (S.D.N.Y. 2010) ("In every other case this Court has located, federal courts have declined to apply Anti-SLAPP statutes to federal claims."). In *Ginx*, Judge McMahon noted that New York's "anti-SLAPP statute is a rule of pleading" that "elevate[s] a plaintiff's burden at the pleading stage above 'plausibility' . . . to 'substantial basis'" and concluded, "I see no reason to apply a state law pleading standard to a federal claim brought in a federal court." *Id.*

More recently, Judge Rochon held that the Supremacy Clause bars application of the anti-SLAPP statute to federal claims. *Murchinson Ltd. V. Nano Dimension Ltd.*, No. 1:23-cv-03658-JLR, 2025 WL 1397615, *6 (S.D.N.Y. May 14, 2025). "Allowing a state anti-SLAPP statute to apply to a federal cause of action would risk the inconsistent application of federal law by

subjecting citizens asserting identical federal claims to differing anti-SLAPP regimes from state to state." *Id.*

Plaintiff's claims are brought under 42 U.S.C. § 1985(3) and 1986, sister statutes to § 1981 at issue in *Ginx*. This case is not brought in diversity, and no state-law claims are present in the Complaint. As such, New York's anti-SLAPP law does not apply to Plaintiff's claims and Defendants' counterclaim must be dismissed.

We propose the following briefing schedule: Plaintiff shall file the motion to dismiss Defendants' counterclaim by July 28, 2026. Defendants shall file a response by August 11, 2026. Plaintiff shall file any reply by August 18, 2026.

We thank the Court for its attention to this matter.

Respectfully,

*/s/ Christopher Godshall-Bennett*
Christopher Godshall-Bennett
Eric Lee
LEE & GODSHALL-BENNETT LLP

Daniel Kornstein
Jonathan Abady
EMERY CELLI BRINKERHOFF ABADY
WARD & MAAZEL LLP

cc:    all counsel of record (via ECF)