July 23, 2026


**VIA ECF**
Honorable Lorna G. Schofield
United States District Judge
United States Courthouse
40 Foley Square
New York, New York 10007

      Re:    Joint Status Letter regarding Third-Party Discovery
               *Nerdeen Mohsen aka Nerdeen Kiswani v. Betar Zionist Organization, et al.*
               No. 26-cv-1585-LGS

Dear Judge Schofield:

The parties respectfully submit this joint letter, pursuant to the Court's June 24, 2026 order (ECF No. 29), to apprise the Court of anticipated third-party discovery in this action and Plaintiff's positions concerning it. Defendants respectfully request an extension of their deadline to submit their positions on third-party discovery to August 5, 2026, in light of Defendants' counsel's international travel through August 1, 2026. Plaintiff does not oppose this request.

At the Initial Pretrial Conference, the parties identified the anticipated need for third-party subpoenas for non-party coconspirators as an issue to be addressed as the case proceeds. Fact discovery is to be completed by October 21, 2026, and initial requests for production are due July 23, 2026. Plaintiff submits her positions below and the parties stand ready to confer further should any specific dispute ripen.

## I.    Plaintiff's Position

Plaintiff intends to seek discovery from several non-parties under Federal Rules of Civil Procedure 45 and 34(c). That discovery is both relevant and proportional to the needs of this case, and much of the most probative evidence lies uniquely in the hands of non-parties.

**The claims and disputed issues.** Plaintiff asserts claims under 42 U.S.C. §§ 1985(3) and 1986 arising from an alleged coordinated campaign to threaten, stalk, harass, and incite violence against her because of her Palestinian nationality, Arab ethnicity, and Muslim faith. Defendants' Amended Answer (ECF No. 41) denies substantially every operative allegation—including the existence of any conspiracy, Defendants' authorship of the social-media communications at issue, and the affiliation of the alleged coconspirators—and pleads, among other defenses, the intracorporate conspiracy doctrine, the First Amendment, and lack of knowledge or participation. Those denials place squarely in dispute precisely the facts that third-party discovery is designed to establish: who controlled the accounts, who agreed and acted in concert, and who received or funded the alleged inducements.

**The categories of third-party discovery sought.** Plaintiff anticipates serving subpoenas, and where appropriate taking depositions, directed to the following non-parties:

1. <u>Social-media and messaging platforms</u> (including the operators of X/Twitter, Instagram, and WhatsApp). Subscriber and account-registration records, IP and login/access logs, private and deleted content, and message metadata are needed to attribute the posts and messages central to the Complaint to Defendants and their agents, and to authenticate the materials collected as Exhibits 1-44. This discovery is directly responsive to Defendants' denial that they authored or controlled the accounts at issue, and it aligns with the digital forensics/attribution issues the parties already flagged for expert discovery in the Case Management Plan.

2. <u>Non-party alleged coconspirators</u>, including Joseph Borgen and the individuals identified in the Complaint as Coconspirators A-D, as well as other persons who allegedly received or distributed the beepers or claimed the offered cash "bounties." Their documents and testimony bear directly on the existence of an agreement and overt acts in furtherance of it.

3. <u>Ross Glick</u>, the former Executive Director of Betar USA, now a non-party. Mr. Glick is alleged to have personally confronted Plaintiff and to have participated in the organization's coordinated conduct; his documents and testimony are relevant to coordination, knowledge, and intent.

4. <u>Payment and fundraising intermediaries</u> that processed the solicitations and rewards described in the Complaint (including offers of $1,000 and $1,800 to any who handed Plaintiff a beeper, and a solicitation stating that donors of $500 or more would be sent a free beeper). Records identifying who funded and who received those inducements are probative of both the agreement and overt acts.

5. <u>The New York Attorney General's Office</u>, with respect to the non-privileged investigative materials underlying its Assurance of Discontinuance (No. 25-074) concerning Betar USA. Those materials bear on Defendants' animus and on a pattern of harassment and violence against persons similarly situated to Plaintiff—matters Defendants deny.

6. <u>United States Executive Agency officers and employees</u> with whom Defendants discussed Plaintiff, including her proposed denaturalization and deportation.

**Legal standard and proportionality.** Rule 26(b)(1) permits discovery of any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense outweighs the likely benefit. Rule 34(c) confirms that, as provided in Rule 45, a non-party may be compelled to produce documents and tangible things or to permit an inspection. Each proportionality factor favors the proposed discovery:

- *Importance of the issues.* This action concerns an alleged conspiracy to deprive Plaintiff of  federally protected civil rights through threats and incitement to violence—issues of substantial public and private importance.

- *Relative access to information*. Because Defendants deny authoring the communications, controlling the accounts, and coordinating with the alleged coconspirators, the evidence establishing attribution, account control, agreement, and the identities and conduct of the non-party actors resides primarily with the platforms and non-parties themselves.

- *Importance in resolving the issues.* Attribution and the existence of an agreement are the central disputed questions; third-party records and testimony are the most direct means of resolving them.

- *Proportionality of the burden.* The requests will be targeted to defined custodians, accounts, time periods, and categories, consistent with Rule 45's protections against undue burden and with the Court's ESI expectations, so that any burden on non-parties is minimized.

**Timeliness.** The proposed third-party discovery is consistent with the existing schedule. The parties anticipated third-party subpoenas in the Case Management Plan, and Plaintiff intends to serve subpoenas on a schedule that allows completion of all fact discovery, including any non-party depositions, by the October 21, 2026 deadline.

Respectfully submitted,

*/s/ Christopher Godshall-Bennett*
Christopher Godshall-Bennett
Eric Lee
LEE & GODSHALL-BENNETT LLP

Daniel Kornstein
Johnathan Abady
EMERY CELLI BRINCKERHOFF ABADY
WARD & MAAZEL LLP

*Attorneys for Plaintiff*

*/s/ Peter T. Shapiro*
Peter T. Shapiro
LEWIS BRISBOIS BISGAARD & SMITH LLP

*Attorney for Defendants Betar Zionist Organization, Inc., Ronn Torossian, and Jon I. Mantell*