Buchanan
Ingersoll·Rooney

**Tristan J. Werfelman**
212 440 4437
tristan.werfelman@bipc.com

640 Fifth Avenue
9th Floor
New York, NY 10019-6102
T 212 440 4400
F 212 440 4401

November 4, 2026

**VIA ECF**
Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square, Courtroom 1106
New York, New York 10007

**Re:** ***Nerdeen Mohsen (a.k.a. Nerdeen Kiswani) v. Betar Zionist Organization, Inc., et al.***
**Case No. 1:26-cv-01585-LGS**

Dear Judge Schofield:

Pursuant to the Court's October 27, 2026 directive (ECF 71), counsel for Defendants Ronn Torossian ("Torossian"), Betar Zionist Organization, Inc. ("BZO"), and Jon I. Mantell ("Mantell") (collectively "Defendants") submit this letter setting forth the status of non-party discovery.

Defendants served Plaintiff with a Notice of Intent to Serve six subpoenas on November 2, 2026, directed to (i) X Corp,; (ii) Meta Platforms, Inc.; (iii) Feras Deek; (iv) Jessica Natale; (v) Deena Mohsen; and (vi) Daniel Paul Cione. The subpoenas directed to Feras Deek and Jessica Natale were served on November 2, 2026 by acceptance of service. The subpoena directed to Deena Mohsen was served by acceptance of service as well. The subpoenas directed to X Corp. and Meta Platforms, Inc. were served on November 4, 2026. The subpoena directed to Daniel Paul Cione was sent out and service is pending.

We are awaiting contact information from Plaintiff for other non-party witnesses identified in her Rule 26(a) initial disclosures. Defendants anticipate service of additional subpoenas upon non-party witnesses identified by Plaintiff, in the event their contact information is provided: (i) Andrew Firestone; (ii) Jalal Alfaqih; (iii) Habiba Ali; (iv) Aatika Harchane; and (v) Fatima Youssef in the coming days. Defendants further anticipate service of additional subpoenas upon (i) Within Our Lifetime ("WOL"), Plaintiff's anti-Zionist activist organization; (ii) the appropriate custodian for Pershing Square / Grand Central Partnership related to the events of September 26, 2024 described in the Complaint; (iii) the appropriate custodian for NYU / NYU Langone related

to the events of January 6, 2025 described in the Complaint; and (iv) the appropriate custodian for Rockefeller Center related to the events of January 18, 2025 described in the Complaint.[1]

To our knowledge, as of the date of this letter, Plaintiff has not served any subpoenas on notice upon any non-parties.

**A. <u>Status of Specific Categories of Non-Party Discovery</u>**

1. <u>Plaintiff's Travel Records:</u> Defendants anticipated service of targeted subpoenas to specific transportation providers, event organizers, or venues identified by Plaintiff for instances where she claims her travel was cancelled, altered, or made more costly. However, despite being at the core of Plaintiff's claims, Plaintiff has not identified any such travel or events in party discovery. In a reversal of course from damages pled in her Complaint, Plaintiff's October 23, 2026 Responses and Objections to Defendants' Requests for Production now state that Plaintiff "does not seek damages for security-related expenditures or for costs incurred to alter her travel and public activities." Plaintiff has withheld these documents and as a result, Defendant does not have any information with which to serve targeted non-party subpoenas. The parties have a dispute as to whether Plaintiff shall produce these documents.

2. <u>Plaintiff's Security, Escort or Protective Services</u>: As with travel-related damages, Plaintiff's stated position in her October 23, 2026 Objections and Responses to Defendants' Requests for Production now include that Plaintiff "does not seek damages for security-related expenses" and is withholding responsive documents. Plaintiff has not identified any security professionals. Defendant therefore has no information with which to serve targeted subpoenas, and the parties have a dispute as to the Plaintiff's production of these documents as well.

3. <u>Plaintiff's Medical/Mental Health-Related Records</u>: Plaintiff, in another narrowing of her damages theory, indicated in her October 16, 2026 Interrogatory Responses that she is not seeking any medical-related or psychotherapy-related damages, and instead only seeks "garden-variety" emotional distress damages. Plaintiff has not identified any specific medical, mental, emotional, or physical damages other than "garden-variety" emotional distress and responsive documents. As stated above, this is another area of dispute in party discovery.

4. <u>Social Media and Messaging Platforms</u>: Defendants have served subpoenas on X Corp. and Meta Platforms, Inc. related to Plaintiff's social media posts, replies, comments, and messaging related to the Defendants and her comments about Israel and Zionists. Plaintiff produced some social media documents, but has not produced all posts, reposts, comments, and messages relating to any of the Defendants or the allegations in the Complaint. Production of this

[1] *See* p.3, ¶6 of Defendants' September 1, 2026 letter regarding non-party discovery (ECF 68).

crucial information directly related to Plaintiff's claims and Defendants' defenses is presently in dispute.

5. Financial Records, Payment, and Fundraising: Plaintiff has retracted her claims for lost income by her October 23, 2026 Responses and Objections to Defendants' Requests for Production.

6. Custodians for Documents Related to Specific Alleged Physical Encounters: Plaintiff's October 23, 2026 Responses and Objections to Defendants' Requests for Production did not include any video recordings or photographs of the following encounters described in the Complaint: (i) Pershing Square / Grand Central Partnership on September 26, 2024; (ii) NYU / NYU Langone on January 6, 2025 encounter; and (iii) Rockefeller Center on January 18, 2025. Defendants intend to serve subpoenas seeking video and photographical evidence directly from the appropriate custodians which have yet to be identified.

7. Plaintiff's Witnesses to Alleged Harassment and Plaintiff's Wellbeing: Plaintiff identified the following individuals in her Rule 26(a) disclosures, each of whom Defendants seek to subpoena:

a. Feras Deek,
b. Dan Cione,
c. Deena Mohsen,
d. Jess Natale,
e. Jalal Alfaqih,
f. Habiba Ali,
g. Andrew Firestone,
h. Aatika Harchane, and
i. Fatima Youssef.

Subpoenas directed to Feras Deek, Jessica Natale, and Deena Mohsen have been served. Plaintiff has not yet provided contact information for Andrew Firestone, Jalal Alfaqih, Habiba Ali, Aatika Harchane, or Fatima Youssef, other than phone numbers. Defendants requested addresses with respect to Plaintiff's Rule 26(a) disclosures on September 1, 2026. Counsel met and conferred via telephone on November 2, 2026, and Plaintiff has agreed to provide missing addresses to the extent they can be ascertained.

8. Within Our Lifetime ("WOL"): WOL is Plaintiff's advocacy organization that Defendants protest due to its radical anti-Israel ideology. Per Plaintiff's October 23, 2026 Responses and Objections to Defendants' Requests for Production, Plaintiff is withholding the WOL-related documents requested by Defendants so this is in dispute as well. In the coming days, Defendant intends to serve a targeted subpoena to WOL for documents and communications

concerning the pleaded incidents, identification of witnesses or alleged co-conspirators A-D, event and security planning, relevant third-party threats and travel or security endeavors Plaintiff claims are attributed to Defendants or other perceived threats.

9. Media Outlets: In light of Plaintiff's changing damages theory, and no instances of cancelled or changed travel and security professionals identified by Plaintiff, it is unclear if any specific media outlet possesses unique material relevant to claimed damages. Our understanding is the remaining categories of damages sought by Plaintiff are: (i) "garden-variety" emotional distress damages; (ii) punitive damages; and (iii) counsel fees. Plaintiff is withholding all documents related to counsel fees, which is another area of dispute.

10. Law Enforcement Agencies: Plaintiff stated in her October 23, 2026 Responses and Objections to Defendants' Requests for Production that, after reasonable search, she has not located any reports to law enforcement agencies related to alleged threats by Defendants. Plaintiff also stated that she has not made any reports to government agencies related to threats made by individuals other than Defendants.

11. The New York Attorney General's Office: To our knowledge, Plaintiff has not served a subpoena upon the New York Attorney General's Office. In party discovery, Plaintiff has sought all materials Defendants Torossian and BZO provided to the New York Attorney General's Office in connection with Assurance of Discontinuance cited in the Complaint.[2] Defendants have objected to the same.

12. United States Executive Agency Officers and Employees: To our knowledge, Plaintiff has not served a subpoena upon any United States agency, officer or employee. Defendants reserve their right to object to any such subpoena based on the previously stated objections as to disproportionality, relevance, and particularity.

**B. Compliance with Individual Rule III.D.3**

The Parties exchanged Rule 26(a) initial disclosures, and Plaintiff served requests for production (July 23, 2026) and interrogatory requests (August 7, 2026) upon Defendants Ronn Torossian, Betar Zionist Organization, Inc., and Jon I. Mantell. Ronn Torossian, Betar Zionist Organization, Inc., and Jon Mantell each served a first set of requests for production and a first set of interrogatories on Plaintiff on Tuesday, August 25, 2026. On August 26, 2026, the Court entered an Amended Civil Case Management Plan and Scheduling Order (ECF No. 67) extending, inter alia, the deadline for fact discovery to January 14, 2027.

Defendants served their responses and objections to Plaintiff's interrogatories on September 15, 2026. Plaintiff served her responses and objections to Defendants' interrogatories on October 16, 2026. Defendants served their respective responses and objections to Plaintiff's requests for production on October 23, 2026. Plaintiff served her responses and objections to

[2] *See* Compl. ¶¶ 38-42.

Defendants' request for production, as well as her first production of responsive documents on October 23, 2026, consisting of 291 items. Defendants served their first production of responsive documents on October 29, 2026, consisting of 126 items.

Counsel met and conferred on October 16, 2026 to discuss deadlines and expectations regarding collection and production of social media documents. Counsel further met and conferred on November 2, 2026 to discuss a potential extension of deadlines, outstanding contact information related to Plaintiff's Rule 26(a) disclosures, service of subpoenas, and additional deliveries with respect to each party's document productions, objections, and responses thus far. The parties have tentatively agreed to exchange proposed search terms, custodians, and search methodologies used for productions this week as provided in the ESI Agreement (ECF 62), and have agreed to exchange deficiency letters thereafter.

Plaintiff's complaint was filed on February 25, 2026 (ECF 1). Defendants BZO and Torossian accepted service on April 2, 2026 and Defendant Mantell was served on March 18, 2026. Defendants filed an answer with counterclaim on July 7, 2026 (ECF 35) and thereafter filed an amended answer on July 20, 2026 (ECF 41).

The parties intend to meet and confer again in the coming days after the delivery of proposed search terms, custodians, and collection/search methodologies and exchange of deficiency letters to ensure discovery moves forward efficiently and deadlines are met.

Respectfully,

*/s/ Tristan Werfelman*
Tristan J. Werfelman

cc: Counsel of Record (*via ECF*)