EST. 2025 · WASHINGTON, D.C.

LEE & GODSHALL-BENNETT · LLP

712 H ST. NE, UNIT 5019
WASHINGTON, D.C. 20002

Based on the representations in this letter, Dkt. No. 73 is provisionally sealed. By **November 20, 2026**, Defendants shall file any response to Plaintiff's motion to seal and application for an Order requiring Defendants to identify private non-parties by initials in future filings. So Ordered.

The Clerk of Court is respectfully directed to place Dkt. No. 73 under seal.

Dated: November 18, 2026
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

November 17, 2026

**VIA ECF**
Hon. Lorna G. Schofield
United States District Judge
United States Courthouse
40 Foley Square
New York, New York 10007

Re: Letter Motion to Seal Dkt. 68 and Dkt. 72 and for Redaction of Non-Party Identities
*Nerdeen Mohsen aka Nerdeen Kiswani v. Betar Zionist Organization, et al.*
No. 26-cv-1585-LGS

Dear Judge Schofield:

Pursuant to Federal Rules of Civil Procedure 5.2(e) and 26(c) and Individual Rule I.D.3, Plaintiff respectfully moves for an order (1) sealing Dkt. 68 and Dkt. 72 and directing Defendants to refile them with the names of private non-parties redacted, and (2) directing that private non-parties be identified by initials in future public filings.

## I. Background

Defendants' court-ordered letters on third-party discovery list by name nine private individuals from Plaintiff's Rule 26(a) disclosures under the heading "Plaintiff's Witnesses to Alleged Harassment and Plaintiff's Wellbeing." (Dkt. 68, at 3-4; Dkt. 72, at 1). Dkt. 72 also reports which have been or will be served with subpoenas seeking communications about Plaintiff's "mental, emotional and/or physical well-being."

This widely reported case touches on sensitive political issues that are the subject of intense disagreement that has turned violent. In March 2026, federal authorities charged a man who, according to the sworn complaint, obtained Plaintiff's address, surveilled it, and assembled Molotov cocktails to throw at it. *United States v. Heifler*, No. 26-mj-15052, ECF No. 1 (D.N.J. Mar. 27, 2026). Publicly linking the non-parties here could expose them to such dangers.

Plaintiff asked Defendants to refile their letters with redactions on November 10, 2026, and counsel conferred by telephone on November 11. Defendants have not provided their position or responded to Plaintiff's follow-up.

## II. Legal Standard

The Court determines whether a document is a judicial document, weighs the presumption of access, and balances it against competing considerations. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006). Filing concerning discovery carry a presumption "somewhat lower" than dispositive filings; sealing them requires "specific and substantial reasons," which "need not be as compelling as those required to seal summary judgment filings." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019). "[T]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation." *United States v. Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995). Rule 5.2(e)(1) also permits the Court, "[f]or good cause," to "require redaction of additional information."

## III. Discussion

**The presumption of access is weak.** The non-parties' names play "a negligible role in the performance of Article III duties," so the presumption "amounts to little more than a prediction of public access." *Amodeo*, 71 F.3d at 1050.

**The non-parties' interests are specific and substantial.** The non-parties are innocent third parties connected to this case only through Plaintiff. Given the violence directed at Plaintiff and the nature of the allegations in this case, naming them publicly risks their safety. *See United States v. Epstein*, No. 19-cr-490, 2025 WL 2647686, at *3 (S.D.N.Y. Sept. 16, 2025) (declining to unseal names where "disclosure poses a real threat to [their] safety."). Rule 5.2(h)'s waiver reaches only "the person's own information."

**The requested redactions are narrowly tailored and remain effective.** Only names would be redacted; Defendants, who know them, would suffer no prejudice. Although Dkt. 68 has been on the public docket since last month, prior availability bars relief only where information was "disseminated prominently," *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004), which has not occurred. Courts seal docketed material even with some delay, *In re Tecnologias Relacionadas Con Energia y Servicios Especializados*, No. 25-mc-0435, 2026 WL 1506335, at *2 & n.2 (S.D.N.Y. May 29, 2026), and weigh non-party interests regardless of objection, *Guiffre v. Maxwell*, No. 15-cv-07433, 2020 WL 1547377, at *1 (S.D.N.Y. Mar. 31, 2020).

**Prospective relief is warranted.** An order under Rule 5.2(e)(1) would protect the non-parties without serial sealing motions. *See Kelly v. City of New York*, No. 01-cv-8906, 2003 WL 548400, at *6 (S.D.N.Y. Feb. 24, 2003).

## IV. Relief Requested

Plaintiff requests that the Court:

1. Direct the Clerk to seal Dkt. 68 and Dkt. 72 pending decision;
2. Direct Defendants, within three business days, to refile both letters with private non-parties' names redacted; and

3. Order that, in public filings, private non-parties not named in the pleadings be identified by initials, with contact information omitted and unredacted copies filed under seal.

Plaintiff will transmit any order to each non-party.

Respectfully,

*/s/ Christopher Godshall-Bennett*
Christopher Godshall-Bennett
Eric Lee
LEE & GODSHALL-BENNETT LLP

Daniel Kornstein
Jonathan Abady
EMERY CELLI BRINKERHOFF ABADY
WARD & MAAZEL LLP

cc: all counsel of record (via ECF)