Buchanan
Ingersoll·Rooney

**Stuart P. Slotnick**
212 440 4435
stuart.slotnick@bipc.com

640 Fifth Avenue
9th Floor
New York, NY 10019-6102
T 212 440 4400
F 212 440 4401

November 20, 2026

**VIA ECF**
Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square, Courtroom 1106
New York, New York 10007

**Re:** ***Mohsen v. Betar Zionist Organization, Inc., et al.*****, Case No. 1:26-cv-01585-LGS**
**Opposition to Plaintiff's Letter Motion to Seal (ECF 73)**

Dear Judge Schofield:

Defendants Ronn Torossian, Betar Zionist Organization, Inc., and Jon I. Mantell (collectively "Defendants") respectfully oppose Plaintiff's November 17, 2026 letter motion (ECF 73) to seal ECF 68 and ECF 72, to compel Defendants to refile them with non-party names redacted, and to require initials only for non-parties in all future filings. As the party seeking the sealing of non-parties' names, Plaintiff "bears the burden of persuasion." *See* Individual Rule I.D.3. Plaintiff has not carried this burden.

## I. Plaintiff Identifies No Threat of Any Sort to Any Non-Party Whatsoever to Justify Sealing or Redacting

Under the standard Plaintiff invokes, sealing requires "specific and substantial reasons" (*Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019)), supported by "specific, on the record findings." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). Here, Plaintiff offers only thin speculation and impermissible conjecture. Her factual predicate is that in March 2026 a criminal complaint was filed against an unrelated individual concerning conduct directed at Plaintiff, not at any non-party, and with no alleged connection to Defendants or to this case. Plaintiff does not identify a single threat, contact, or incident involving any non-party in the eleven weeks since the non-parties names have been on the public docket.

Indeed, Plaintiff effectively concedes that her point is pure surmise. She asserts only that publicly linking the non-parties "*could*" expose them to danger, without specific what that may be. That is an unfounded possibility, not a showing of a real or even potential threat. Plaintiff's own authority highlights the gap. The Court in *United States v. Epstein*, No. 19 CR. 490, 2025 WL 2647686, *3 (S.D.N.Y Sept. 16, 2025) declined to unseal names where disclosure of two

individuals, one of whom received *actual* death *threats* found *credible* by the F.B.I. "poses a real threat to [their] safety." *Id*. at *3).) Plaintiff never claims that a real threat, or any threat whatsoever, exists here—only that the non-parties "could" be subject to threats due to the political nature of this matter. While we agree that the instant matter emanates from intense political differences (and not that Plaintiff is part of a protected class), that is not enough. Moreover, other than Plaintiff's own various social media postings and media appearances, counsel is unaware of any widespread media coverage of this case whatsoever, since the filing of the action.

## II. **The Non-Party Names Have Been Available on the Public Docket and Public Sources Other than PACER for Almost 3 Months**

Plaintiff incorrectly asserts that ECF 68 "has been on the public docket since last month." (ECF 73 at 2.) The publication of the non-party names occurred on September 1, 2026, eleven weeks before Plaintiff's instant letter-motion. Furthermore, the document exists on various other independent websites outside of PACER, including courtlistener.com.[1] These names come from Plaintiff's Rule 26(a) disclosures. Once information is public, "it necessarily remains public," and courts lack "the power . . . to make what has thus become public private again." *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 & n.11 (2d Cir. 2004). This concept applies "whether it be settlement terms of a discrimination lawsuit or the secret to making the hydrogen bomb". *Id.* Accordingly, "courts routinely deny sealing requests where . . . the information to be sealed is already publicly available." *In re Tecnologias Relacionadas Con Energia y Servicios Especializados, S.A. de C.V.*, No. 25-mc-0435, 2026 WL 1506335, *2 n.2 (S.D.N.Y. May 29, 2026) (quoting *Grossberg v. Fox Corp.*, 2023 WL 2612262, *1 (S.D.N.Y. Mar. 23, 2023)).

Plaintiff's reliance on *Tecnologias* is misplaced. That court excused a two-week delay in sealing exhibits that had been inadvertently filed with account numbers. *Id.* at *1, *2 n.2. Here, Plaintiff waited almost three months to challenge the filing. The *Gambale* case does not turn on "prominent" dissemination, as Plaintiff suggests; the Second Circuit emphasized that the information resided on "highly accessible databases." *Gambale*, 377 F.3d at 144. As referenced above, ECF 68 has been accessible on PACER, as well as other websites, for eleven weeks in a case Plaintiff herself calls "widely reported."

## III. **Plaintiff Has Not Shown an Overriding Privacy Interest**

Although third-party privacy interests may "weigh heavily," their weight depends on "the degree to which the subject matter is traditionally considered private" and "[t]he nature and degree of injury." *United States v. Amodeo*, 71 F.3d 1044, 1050–51 (2d Cir. 1995). ECF 68 and ECF 72 disclose only the identities of witnesses Plaintiff designated, not medical records, finances, "family affairs," or "raw, unverified" accusations against them. *Id.* at 1051.

[1] https://www.courtlistener.com/docket/72330257/mohsen-aka-nerdeen-kiswani-v-betar-zionist-organization-inc/

Plaintiff's cited case is not comparable. *Kelly v. City of New York* No. 01 Civ. 8906, 2003 WL 548400, *5 (S.D.N.Y. Feb. 24, 2003) protected non-party employees' tax and disciplinary records containing allegations "not . . . fully investigated, substantiated, or proven."

## IV. Prospective Relief Is Unwarranted

Plaintiff's request for a blanket order requiring initials for every non-party in all future filings is not narrowly tailored, and would bypass the particularized showing Individual Rule I.D.3 requires. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d. Cir. 2006). Defendants will continue to comply with Rule 5.2(a).

For these reasons, Defendants respectfully request that the Court deny Plaintiff's letter motion in its entirety.

Respectfully,

*/s/ Stuart Slotnick*
Stuart P. Slotnick

cc: Counsel of Record (*via ECF*)