November 23, 2026

**VIA ECF**
Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square, Courtroom 1106
New York, New York 10007

**Re:** ***Nerdeen Mohsen (a.k.a. Nerdeen Kiswani) v. Betar Zionist Organization, Inc., et al.***
**Case No. 1:26-cv-01585-LGS**

Dear Judge Schofield:

Counsel for Plaintiff and Defendants Ronn Torossian, Betar Zionist Organization, Inc. ("BZO"), and Jon I. Mantell (the "Parties") write pursuant to the Court's November 19, 2026 directive (ECF 76) to jointly request an extension of the parties' current deadlines provided in the August 26, 2026 Civil Case Management Plan and Scheduling Order (ECF 67), together with the information required under Individual Rule III.D.3. The Parties respectfully request an extension of certain deadlines as follows.

| **Deadline** | **Case Management Date** | **Proposed Revised Date** |
|---|---|---|
| Responsive Documents | 11/20/2026 | 1/11/2027 |
| Requests to Admit | 11/20/2026 | 1/11/2027 |
| Completion of Depositions | 1/14/2027 | 3/15/2027 |
| End of Fact Discovery | 1/14/2027 | 3/15/2027 |
| Meet and Confer on Expert Disclosures | 1/20/2027 | 3/22/2027 |
| Completion of Expert Discovery | 2/23/2027 | 4/5/2027 |

The basis for the extension request is that one of the Defendants, Jon I. Mantell, has been unavailable for document collection due to an ongoing serious medical issue requiring hospitalization and inpatient rehabilitation. Additionally, the parties have a significant volume of social media-related content to collect and parse through based on search terms exchanged on November 9, 2026, which counsel are working together to address. As such, depositions cannot be conducted without substantial document discovery completed. The proposed extension of document deliveries in this request is therefore limited to (i) additional documents in the possession, custody, and control of Defendant Mantell; (ii) social media-related documents and

communications; and (iii) additional documents to be produced by Plaintiff and Defendants following a meet and confer on document deficiencies.

There has been one prior request to extend the deadlines in the Scheduling Order, which this Court granted on August 26, 2025 (ECF 66, 67), after the change of counsel.

Regarding the Court's Individual Rule III.D.3, the Parties exchanged Rule 26(a) initial disclosures, and Plaintiff served requests for production (July 23, 2026) and interrogatory requests (August 7, 2026) upon Defendants Ronn Torossian, BZO, and Jon I. Mantell. Ronn Torossian, BZO, and Jon Mantell each served a first set of requests for production and a first set of interrogatories on Plaintiff on Tuesday, August 25, 2026.

Defendants served their responses and objections to Plaintiff's interrogatories on September 15, 2026. Plaintiff served her responses and objections to Defendants' interrogatories on October 16, 2026. Defendants served their respective responses and objections to Plaintiff's requests for production on October 23, 2026. Plaintiff served her responses and objections to Defendants' request for production, as well as her first production of responsive documents on October 23, 2026, consisting of 291 items. Defendants served their first production of responsive documents on October 29, 2026, consisting of 126 items.

Counsel met and conferred on October 16, 2026 to discuss deadlines and expectations regarding collection and production of social media documents. Counsel further met and conferred on November 2, 2026 to discuss a potential extension of deadlines, outstanding contact information related to Plaintiff's Rule 26(a) disclosures, service of subpoenas, and additional deliveries with respect to each party's document productions, objections, and responses thus far.

Defendants served Plaintiff with a Notice of Intent to Serve six subpoenas on November 2, 2026, directed to X Corp., Meta Platforms, Inc., and four non-party witnesses. On November 4, 2026, Plaintiff's counsel accepted service of three of the subpoenas directed to non-party witnesses. The subpoenas to Meta Platforms, Inc. and X Corp. were served on November 4, 2026. The fourth non-party witness was served November 9, 2026. Defendants served Plaintiff with a second Notice of Intent to serve two subpoenas on November 11, 2026, directed to (i) Within Our Lifetime ("WOL"); and (ii) a fifth non-party witness. The subpoena directed to the fifth non-party witness was served November 16, 2026. With respect to the subpoena directed to WOL, Defendants' counsel have reached out to WOL's attorneys to accept service, which request remains pending. Defendants served an additional Notice of Intent and a subpoena directed a sixth non-party on November 17, 2026, and Plaintiff's counsel accepted service the same day on November 17, 2026. Plaintiff's counsel then indicated they would accept service of a subpoena directed to a seventh non-party witness on November 20, 2026. Defendants have received objections and responses from one non-party witness represented by Plaintiff's counsel, and Meta Platforms, Inc. As of the date of this writing, no documents have been produced, although the non-party witness who responded through Plaintiff's counsel intends to produce documents based on the responses served.

Counsel exchanged proposed search terms, custodians, and search methodologies used for productions this week as provided in the ESI Agreement (ECF 62) on November 9, 2026.

Plaintiff's counsel served Defendants with a Notice of Intent to serve five subpoenas on November 12, 2026, directed to: (i) Meta Platforms, Inc.; (ii) X Corp.; (iii) Castlerock Management NY LLC; (iii) Mr. Cronin; and (iv) Zarnok, Inc.

Counsel met and conferred on November 2, 2026 to discuss document deficiencies. Plaintiff's counsel expressed that they preferred to exchange written deficiency letters. On November 11, 2026, Defendants thereafter served a deficiency letter with respect to Plaintiff's document production on November 11, 2026 and have asked to meet and confer to resolve the disputes raised therein. Plaintiff's counsel stated intention to serve a deficiency letter on November 13, 2026. Plaintiff's counsel has not yet served a deficiency letter.

On November 20, 2026, Defendants produced a second batch of responsive documents to Plaintiff based on the circulated search terms and collection methodology consisting of 226 documents and 994 pages. On November 20, 2026, Defendants further served requests for admission.

Plaintiff's complaint was filed on February 25, 2026 (ECF 1). Defendants BZO and Torossian accepted service on April 2, 2026 and Defendant Mantell was served on March 18, 2026. Defendants filed an answer with counterclaim on July 7, 2026 (ECF 35) and thereafter filed an amended answer on July 20, 2026 (ECF 41).

To ensure discovery moves forward efficiently and the proposed extended deadlines are met, the parties intend to meet and confer on November 25, 2026 regarding Defendants' deficiency letter, together with any deficiencies identified in Plaintiff's forthcoming deficiency letter.

Respectfully,

*<u>/s/ Christopher Goidshall-Bennett</u>*
Christopher Godshall-Bennett
Eric Lee
LEE & GODSHALL-BENNETT LLP

Daniel Kornstein
Johnathan Abady
EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP

*Attorneys for Plaintiff*

*/s/Tristan Werfelman*
Tristan J. Werfelman
BUCHANAN INGERSOLL & ROONEY PC

*Attorneys for Defendants Betar Zionist Organization, Inc., Ronn Torossian, and Jon I. Mantell*